UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| BETTER PENNSYLVANIA, INC. | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA MANUFACTURERS' | ) | **COMPLAINT** |
| ASSOCIATION; and DAVID TAYLOR; | ) | |
| and CARL MARRARA; and JOY | ) | **JURY TRIAL DEMANDED** |
| JOHNSON | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff Better Pennsylvania, Inc. ("Better PA" or "Plaintiff"), by counsel, hereby brings this Complaint against Defendants Pennsylvania Manufacturers' Association, David Taylor, Carl Marrara, and Joy Johnson (collectively "Defendants") for claims arising from Defendants' unlawful and unauthorized use of Better PA's trademarks. Better PA is a 501(c)(4) nonprofit that promotes economic justice policies that benefit working-class Pennsylvanians. Defendants are a trade association, and executives of said trade association, that promotes the interests of Pennsylvania manufacturers. Defendants have created and are actively promoting a website, hosted at the domain <betterpa.org>, designed to mimic Better PA's website for purposes of misleading the public, including Pennsylvania voters, about what Better PA stands for and the issues and policy positions Better PA supports. Defendants' actions are an intentional and blatant attempt to confuse and mislead Pennsylvania voters and the public. Defendants' fraudulent website misleads voters, reroutes individuals away from Better PA's legitimate website, and likely discourages individuals from supporting Better PA's mission. In addition to being deceptive and

undemocratic, Defendants' actions constitute a clear violation of trademark law, and absent relief from this Court, these actions will continue to irreparably harm Better PA.

Better PA welcomes robust public dialogue related to differing political views and opposing policy positions, and, indeed, encourages intellectual and public policy focused discourse, but Defendants may not, under the guise of free speech or fair use, misleadingly invoke and infringe Better PA's trademark rights, create a false association with Better PA, and utilize a "look-a-like" website to mislead the public and Pennsylvania voters.  The remedy for such infringing behavior is to be sought in the courts, not the public square.  Thus, Better PA brings the within lawsuit.

## PARTIES

1.      Better PA is a non-profit corporation incorporated in Pennsylvania with a principal place of business at 200 4th Street, Ellwood City, PA 16117.

2.      Defendant Pennsylvania Manufacturers' Association is a nonprofit organization organized under the laws of Pennsylvania, with a principal place of business at 225 State Street, Harrisburg, PA 17101.

3.      Defendant David Naylor is an individual residing in Pennsylvania and the President & CEO of Defendant Pennsylvania Manufacturers' Association, which has a principal place of business at 225 State Street, Harrisburg, PA 17101.

4.      Defendant Carl Marrara is an individual residing in Pennsylvania and the Executive Director of Defendant Pennsylvania Manufacturers' Association, which has a principal place of business at 225 State Street, Harrisburg, PA 17101.

2

5.      Defendant Joy Johnson is an individual residing in Pennsylvania and the Director of Communications of Defendant Pennsylvania Manufacturers' Association, which has a principal place of business at 225 State Street, Harrisburg, PA 17101.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 because this case arises under the Lanham Act, 15 U.S.C. § 1125(a), and the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

7.      This Court has jurisdiction over all pendent state law claims pursuant to 28 U.S.C. § 1367(a) (Supplemental Jurisdiction) because all such claims are based upon the same or substantially the same conduct by Defendants.

8.      Defendants are subject to personal jurisdiction in this Court as they reside in Pennsylvania.  Defendants are further subject to the personal jurisdiction of this Court because they have conducted, engaged in, and carried out business ventures, and committed tortious acts and other wrongs within Pennsylvania and this judicial district.

9.      The Western District of Pennsylvania is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district and because Defendant Pennsylvania Manufacturers' Association has sufficient contacts with this judicial district to subject it to personal jurisdiction as per 28 U.S.C. § 1391(d) and all Defendants reside within Pennsylvania.

## BETTER PA'S MISSION, TRADEMARKS, AND WEBSITE

10.      Better PA is a 501(c)(4) non-profit corporation established in 2019 and is dedicated to advancing policies that benefit working-class Pennsylvanians through strategic communications and advocacy efforts.

3

11.    Better PA has used the mark "Better PA" and the "Better PA Logo" (collectively, the "Better PA Marks") since 2019, and both are used on its website, mailers, media advertisements, and social media platforms.  The Better PA Logo mark consists of "Better" and "PA" with a keystone image in between "Better" and "PA":



("Better PA Logo").

12.    The Better PA Logo appears with a specific color scheme and font.

13.    Better PA's website is operated at the domain <betterforpennyslvania.org> ("Better PA Website") and displays the Better PA Marks and has a distinct trade dress consisting of specific colors, fonts, graphics, and layout/design.

14.    Better PA's website is a digital organizing tool used in conjunction with mailers, digital advertising, and social media outreach.

15.    Better PA's website has an option for individuals to become involved with Better PA by providing their contact information.

16.    Better PA has reached hundreds of thousands of Pennsylvania voters with communications that contain the Better PA Marks and Better PA has reached Pennsylvania voters with millions of digital impressions.

17.    Better PA is recognized by its peer organizations as a leader in effective political and public affairs communications.

18.    Better PA has been honored for its work by the American Association of Political Consultants ("AAPC"), a bipartisan nonprofit organization for political professionals, and received

multiple AAPC sponsored Pollie Awards distinguishing Better PA for excellence in political communication and public affairs among its peers.

## DEFENDANTS' UNAUTHORIZED USE OF THE BETTER PA MARKS AND DEFENDANTS' INTENT TO DECEIVE THE PUBLIC

19.     Upon information and belief, Defendants began their infringing activity in early 2025 with their website that uses the domain name <betterpa.org> ("Infringing Website"), which in addition to using the Better PA Mark in its domain name, mimics the trade dress from the Better PA website.

20.     The Infringing Website states on the website that it is "a project of the Pennsylvania Manufacturers' Association."

21.     In the marketplace of public policy ideas and issue advocacy, Defendants are a direct competitor with Better PA.  Defendants advocate for policies that benefit the economic interests of manufacturers and promote economic policies they have characterized as "pro-growth public policies," as opposed to the policies promoted by Better PA that seek to promote economic justice for working-class Pennsylvanians.

22.     Defendants' infringement on the Better PA Marks and their use of the Infringing Website are done to usurp Better PA's goodwill, create confusion among the public and Pennsylvania voters, and mislead individuals seeking information online about Better PA.

23.     Defendants' Infringing Website mimics the trade dress from the Better PA Website and Defendants infringe on the Better PA Logo by using a substantially similar logo that misleads and creates confusion.

24.     Defendants are willfully infringing on the Better PA Marks and their use of the Infringing Website, which utilizes the term Better PA, displays an infringing logo, and mimics the Better PA Website trade dress, is done in bad faith.

5

25.    Defendants are willfully infringing on the Better PA Logo by using a logo that is substantially similar in look and feel, namely the following logo:



("Infringing Logo").

26.    The Infringing Logo uses the same words as the Better PA Logo but in a different order, adds a small modifier of "making" to the upper left of the logo, and uses a color scheme, color contrast, and font that is confusingly similar to the Better PA Logo.  See Better PA Logo:



27.    Defendants are using the Better PA Marks to capitalize on the goodwill and reputation of Better PA, to misleadingly direct individuals looking for the Better PA Website to the Infringing Website, and to cause confusion among the public and Pennsylvania voters.

28.    Google searches for "better for pa" and "better pa" return links showing the Better PA website and Infringing Website among its top results.  Additionally, Google search results identify the Better PA website and the Infringing Website with the following hyperlink headers:

    a.    The Better PA website link is identified with the hyperlink: "**BETTER PA – Home**" or "**About – Better PA**."

    b.    The Infringing Website link is identified with the hyperlink: "**Better PA – Let's Make Pennsylvania Better. TOGETHER**" or "**Better Pennsylvania: HARD CHOICES.**"

29.    Google search results include a visual identifier/logo next to the website hyperlinks for the search results.  The Better PA website link is the keystone image from the Better PA Logo,

and not surprisingly, the Infringing Website link is identified with the visual identifier of the keystone from the Infringing Logo.

30.     Defendants' infringing behavior is done with the purpose to create confusion among the public and Pennsylvania voters and re-route the public and Pennsylvania voters who are searching online for information related to Better PA to Defendants' Infringing Website.

31.     Upon information and belief, when Defendants registered and obtained their Infringing Website domain <betterpa.org>, designed their Infringing Logo, and designed and chose the trade dress for the Infringing Website, Defendants were aware of Better PA's Website, the Better PA Marks, including the Better PA Logo, and the trade dress associated with the Better PA Website.

32.     Advocating for different positions on public policy issues is a key democratic component of public discourse; however, Defendants use of the Better PA Marks and their deployment of the Infringing Website to reroute internet traffic away from Better PA and create confusion among the public and Pennsylvania voters goes beyond the bounds of legitimate political discourse and violates Better PA's rights.

33.     Defendants have caused, or are likely to cause, irreparable harm to Better PA.

34.     Upon information and belief, Defendants will continue to commit the acts complained of unless enjoined.

35.     Upon information and belief, Defendants' acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or willful blindness to Better PA's rights in the Better PA Marks.

## COUNT I
## TRADEMARK INFRINGEMENT - FALSE DESIGNATION OF ORIGIN/FALSE ASSOCIATION (15 U.S.C. § 1125(a))

36.     Plaintiff Better PA hereby incorporates by reference all preceding allegations as though expressly stated herein.

37.     The Better PA Marks are distinctive, were in continuous use since 2019, and are entitled to trademark protection under Section 43(a) of the Lanham Act.

38.     Defendants use of the Infringing Website, with the domain name "<betterpa.org>," and use of the Better PA Marks constitute use of terms, names, symbols, and devices, and false designations of origin, all of which are likely to cause confusion, mistake, or deception as to the source or origin of the goods and services provided by Defendants, in that individuals, and specifically Pennsylvania residents and voters, are likely to believe that such goods and services are provided by, sponsored by, approved by, affiliated or associated with, or in some other way legitimately connected to Better PA, when there is no such relationship.

39.     The Better PA Marks and Better PA Website, and associated trade dress, were distinctive at the time of Defendants' actions.

40.     Defendants' violation of Better PA's rights was done willfully and in bad faith.

41.     Unless and until Defendants are enjoined from further use of the Better PA Marks and the Infringing Website, Better PA will continue to be irreparably harmed.

## COUNT II
## CYBERSQUATTING (15 U.S.C. § 1125(d))

42.     Plaintiff Better PA hereby incorporates by reference all preceding allegations as though expressly stated herein.

43.     The Better PA Marks are distinctive, were in continuous use since 2019, and are entitled to trademark protection under Section 43(a) of the Lanham Act.

44.    Defendants, without authorization and with bad faith intent to profit from the Better PA Marks, traffic in, and use the <betterpa.org> domain name for its Infringing Website.

45.    Upon information and belief, Defendants were aware of the Better PA Website, the Better PA Marks, and Better PA's rights therein prior to Defendants' registration/use of the Infringing Website and associated domain name.

46.    Defendants' bad faith intent is evident in Defendants' use of a similar color scheme/contrast, fonts, graphics, design, and prominent use of the Infringing Logo on the Infringing Website, which are all intentionally done to mimic the Better PA Website and shows Defendants' intent to reroute individuals from the Better PA Website to the Infringing Website.

47.    Defendants' actions demonstrate bad faith in creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Website and the policy positions promoted therein.

48.    Unless and until Defendants are enjoined from holding the domain registration for or using the Infringing Website, Better PA will continue to be irreparably harmed.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49.    Plaintiff Better PA hereby incorporates by reference all preceding allegations as though expressly stated herein.

50.    This cause of action arises under the Commonwealth of Pennsylvania's common law of trademark infringement and unfair competition.

51.    Defendants' infringing use of the Better PA Marks and Defendants' use of the Infringing Website constitute common law trademark infringement and unfair competition in violation of Pennsylvania common law.

9

52.     Defendants' acts of common law trademark infringement and unfair competition have been done willfully and deliberately, and Defendants have profited and benefited in ways they otherwise would not have but for their unlawful conduct.

53.     Defendants' willful and deliberate acts described above have caused injury and damages to Better PA, and have caused irreparable injury and harm to Better PA's goodwill and reputation, and unless enjoined, will cause further irreparable injury and harm, whereby Better PA has no adequate remedy at law.

**WHEREFORE**, Plaintiff Better PA respectfully requests the Court enter judgment against Defendants and provide the following relief:

- Enter judgement in favor of Better PA on its Lanham Act claims for trademark infringement and false designation of origin/false association;

- Enter judgment in favor of Better PA on its Anticybersquatting Consumer Protection Act claim;

- Enter judgment in favor of Better PA on its Pennsylvania common law trademark infringement and unfair competition claim;

- Order the transfer of the domain <betterpa.org> to Better PA, pursuant to 15 U.S.C. § 1125(d)(1)(C);

- Enjoin Defendants use of the Better PA marks in any manner, including but not limited to the Infringing Domain and Infringing Website, pursuant to 15 U.S.C. § 1116(a);

- Award Better PA a monetary judgment for Defendants' profits, Better PA's damages, and the costs of this action, pursuant to 15 U.S.C. § 1117(a);

10

- Treble Better PA's damages based on the circumstances of the case, including Defendants' willful and knowing infringement, pursuant to 15 U.S.C. § 1117(a);

- Find this action to be exceptional and thus award Better PA reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

- Award Better PA statutory damages of no less than $100,000, pursuant to 15 U.S.C. § 1117(d), for Defendants' violation of 15 U.S.C. § 1125(d)(1);

- Award Better PA such other relief and further relief as the Court deems just and appropriate and may be appropriate under common law.

### **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues triable by a jury.

Date: <u>July 2, 2025</u>                    Respectfully Submitted,

<div style="margin-left:40%">

*/s/ Marco S. Attisano*
Law Office of Marco S. Attisano
Marco S. Attisano (PA Bar I.D. #316736)
P.O. Box 40155
Pittsburgh, Pennsylvania 15201
Phone: 814-218-9095
marco@lawofficema.com
Attorney for Plaintiff Better PA

</div>

11